

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE HOLDERMAN**

**MAGISTRATE JUDGE NOLAN**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. **06CR0304** |
| ) | |
| v. ) | |
| ) | Violations: Title 18, United |
| ) | States Code, Sections 1343 and |
| ) | 1546(a) |
| STEPHEN TIMMER ) | |

**FILED**

JN APR 2 7 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COUNT ONE

The SPECIAL DECEMBER 2005 GRAND JURY charges:

1. At times material to this indictment:

   (a) The United States Immigration and Naturalization Service ("INS") was a federal agency that was responsible for authorizing a foreign national to work in the United States.

   (b) Procedures had been established, pursuant to Title 8, United States Code, Section 1184, whereby an employer, or its agent, who wanted to hire foreign workers to temporarily perform services or labor, could file an I-129 "Petition for Nonimmigrant Worker" ("I-129 Petition") seeking the admission or continued stay of an alien in the United States for a period of time. This individual is referred to as a "foreign national."

   (c) An I-129 Petition was an INS form used by an employer or its agent to petition the INS for a foreign national to come as a nonimmigrant to the United States temporarily to perform services or labor. An I-129 Petition was also used by an employer to request an extension of stay or change of status for certain nonimmigrants. To receive the

requested benefit from INS, the employer or agent was required to file the I-129 Petition, any appropriate supplements applying to various visa categories, the required payment, and initial evidence or documentation (collectively referred to as the "I-129 Application").

(d) Pursuant to established procedures, upon receipt of an I-129 Application, the particular INS service center would assign the I-129 Application a number to be used for subsequent identification. I-129 Applications received at the Nebraska Service Center in Lincoln, Nebraska would be assigned a number with the prefic "LIN" that is commonly referred to as a "LIN Number." The LIN Number was assigned to an I-129 Application at the time that the I-129 Application was received by the Lincoln Nebraska Service Center, and was used by INS as a reference for that particular application.

(e) An I-797 Form was an INS document, referred to as "Notice of Action," (I-797 Notice of Action) prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States. Once an I-129 Application was approved, the INS sent the employer or agent an I-797 Notice, which set forth, among other things the length of the time that a foreign national worker was authorized to work in the United States.

(f) On occasion, prior to issuing an I-797 "Notice of Action," INS would send a letter on INS stationary advising the employer of the foreign national, or its agent, that the I-129 Application for that foreign national had been approved and that a formal I-797 Notice of Action would be issued. This letter was referred to as a "Notice of Approval."

(g) Stephen TIMMER was an attorney licensed to practice law in the State of Illinois, and was employed as an associate at Law Firm A. TIMMER's practice, amongst other areas, included the representation of clients in immigration matters before the INS, including the filing of I-129 Applications.

(h) Company A was a Wisconsin-based corporation that employed foreign nationals. Company A was located in Kenosha, Wisconsin.

(i) Company B was a Chicago-based corporation that employed foreign nationals. Company B was located in Chicago, Illinois.

(j) Company C was a Wisconsin-based corporation that employed foreign nationals. Company C was located in Racine, Wisconsin.

(k) Company A, Company B, and Company C (collectively, "the Companies") were among defendant TIMMER'S clients. These companies hired TIMMER to represent them on immigration matters. More specifically, these Companies hired TIMMER to file I-129 Applications on behalf of foreign nationals whom the Companies wanted to employ or continue to employ in the United States.

2. Beginning in or about September 1999 and continuing until on or about July 26, 2002, in Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

STEPHEN TIMMER,

defendant herein, knowingly devised, intended to devise, and participated in, a scheme and

artifice to defraud the Companies, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below:

3. It was part of the scheme that TIMMER purported to provide legal representation to the Companies on immigration matters. The Companies hired TIMMER and his law firm, and paid legal fees, in order to obtain appropriate documents from INS for certain of the Companies' employees to obtain and/or maintain legal employment in the United States. TIMMER represented to the Companies that he would file the necessary paperwork (I-129 Applications) in order to obtain INS approval for the Companies' employees, who were foreign nationals, to be employed in the United States. Instead of adhering to INS procedures to obtain the necessary authorization, TIMMER created documents that falsely represented that INS approved the I-129 Applications and forwarded these false, fraudulent, and counterfeit documents to the Companies.

4. It was further part of the scheme that defendant TIMMER sometimes prepared and submitted I-129 Applications for the Companies that named a foreign national as the beneficiary, but defendant failed to respond to INS requests relating to those I-129 Applications. As a result, the INS denied these I-129 Applications.

5. It was further part of the scheme that defendant TIMMER sometimes made false representations to the Companies regarding the status of the pending I-129 Applications, including, among other things, falsely claiming that paperwork for the I-129

Applications had been filed, and providing false status reports on any paperwork that was actually filed with INS.

6. It was further part of the scheme that TIMMER sometimes provided his clients with fraudulent INS "Notices of Approval" that he created on his computer, falsely stating that the I-129 Applications were approved by INS, and the Companies' foreign national employees or potential employees were authorized by INS to work in the United States.

7. It was further part of the scheme that defendant TIMMER sometimes provided the Companies with fraudulent I-797 Notices of Action that falsely advised the Petitioner (the Companies) and Beneficiary (the Companies' employee or potential employee) that the I-129 Application for the foreign national had been approved and that the change of status of the foreign national had been approved. The I-797 Notice of Action further falsely provided that the foreign national was authorized by INS to work for the Companies for a specified period.

8. It was further part of the scheme that defendant billed the Companies for legal fees for legal immigration work that he claimed to perform on their behalf which he knew had not been performed.

9. It was further part of the scheme that TIMMER misrepresented, concealed and hid, and caused to be misrepresented, concealed and hidden the purposes of and acts done in furtherance of the aforementioned scheme.

10. On or about September 23, 2001, at Chicago, in the Northern District of

Illinois, Eastern Division, and elsewhere,

STEPHEN TIMMER,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be transmitted by means of wire communication in interstate commerce, writings and signals, namely a fax to a representative of Company A in Kenosha, Wisconsin from TIMMER's office in Chicago, which contained, among other things, five counterfeit I-797 Notices of Action, falsely indicating that I-129 Applications had been approved for Company A and listing Individuals A through E as beneficiaries.

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The SPECIAL DECEMBER 2005 GRAND JURY further charges:

1. The allegations in paragraphs 1-9 of Count One of this indictment are hereby realleged and incorporated herein as if fully set forth herein.

2. On or about August 1, 2001, at Chicago, in the Northern District of Illinois, Eastern Division,

### STEPHEN TIMMER,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be transmitted by means of wire communication in interstate commerce writings and signals, namely, a fax to a representative of Company A in Kenosha, Wisconsin from TIMMER's office in Chicago, containing what purported to be nine Notices of Approval on INS letterhead indicating that various I-129 Applications filed on behalf of Company A, listing Individual A, Individual B, and Individuals D through J as the beneficiaries had been approved, and which falsely stated that the Form I-797 Notice of Action on the I-129 Applications would be sent to Company A;

In violation of Title 18, United States Code, Section 1343.

## COUNT THREE

The SPECIAL DECEMBER 2005 GRAND JURY further charges:

1. The allegations in paragraphs 1-9 of Count One of this indictment are hereby realleged and incorporated herein as if fully set forth herein.

2. On or about June 26, 2002, at Chicago, in the Northern District of Illinois, Eastern Division,

STEPHEN TIMMER,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be transmitted by means of wire communication in interstate commerce writings and signals, namely, a fax to a representative of Company C, in Wisconsin, which contained two forged, counterfeit, and falsely made I-797 Notices of Action, which falsely stated that the I-129 Applications, listing Individuals K and L as beneficiaries, had been approved or received by INS;

In violation of Title 18, United States Code, Section 1343.

## COUNT FOUR

The SPECIAL DECEMBER 2005 GRAND JURY further charges:

1. The allegations in paragraphs 1-9 of Count One of this indictment are hereby realleged and incorporated herein as if fully set forth herein.

2. On or about June 28, 2002, at Chicago, in the Northern District of Illinois, Eastern Division,

STEPHEN TIMMER,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be transmitted by means of wire communication in interstate commerce writings and signals, namely, a fax to a representative of Company C, in Wisconsin, which contained two forged, counterfeit and falsely made I-797 Notices of Action, naming Individuals L and M as beneficiaries, and which falsely stated that the applications had been approved by INS;

In violation of Title 18, United States Code, Section 1343.

## COUNT FIVE

The SPECIAL DECEMBER 2005 GRAND JURY further charges:

In or about September 2001, at Chicago, in the Northern District of Illinois, Eastern Division,

STEPHEN TIMMER,

defendant herein, did knowingly forge, counterfeit, alter, and falsely make a document prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, namely, an I-797 form, commonly referred to as a "Notice of Action," bearing, among other information, receipt number LIN-01-166-53846 and LIN-01-205053797, which falsely stated that the I-129 Application, naming Individual E as the beneficiary, had been approved by INS;

In violation of Title 18, United States Code, Section 1546(a).

## COUNT SIX

The SPECIAL DECEMBER 2005 GRAND JURY further charges:

In or about June 2002, at Chicago, in the Northern District of Illinois, Eastern Division,

STEPHEN TIMMER,

defendant herein, did knowingly forge, counterfeit, alter, and falsely make a document prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, namely, an I-797 Form, commonly referred to as a "Notice of Action," bearing, among other information, receipt number LIN-02-000-00000 and case type I-129, Petition for a Nonimmigrant Worker, and which falsely stated that the I-129 Application naming Individual L as the beneficiary, had been approved by INS;

In violation of Title 18, United States Code, Section 1546(a).

## COUNT SEVEN

The SPECIAL DECEMBER 2005 GRAND JURY further charges:

In or about June 2002, at Chicago, in the Northern District of Illinois, Eastern Division,

### STEPHEN TIMMER,

defendant herein, did knowingly forge, counterfeit, alter, and falsely make a document prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, namely, an I-797 form, commonly referred to as a "Notice of Action," bearing, among other information, receipt number LIN-02-117-52549, and which falsely stated that the I-129 Application naming Individual L as the beneficiary had been received by INS;

In violation of Title 18, United States Code, Section 1546(a).

## COUNT EIGHT

The SPECIAL DECEMBER 2005 GRAND JURY further charges:

In or about June 2002, at Chicago, in the Northern District of Illinois, Eastern Division,

STEPHEN TIMMER,

defendant herein, did knowingly forge, counterfeit, alter, and falsely make a document prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, namely, an I-797 form, commonly referred to as a "Notice of Action," bearing, among other information, receipt number LIN-02-000-00000, and which falsely stated that the I-539 Application naming Individual M as the beneficiary had been approved by INS;

In violation of Title 18, United States Code, Section 1546(a).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY